I am hoping that the analysis, as well as the argument of this case, doesn't get bogged down into precise fact-matching on evidentiary issues, because I think the real issue in this case is whether there was in fact a genuine issue of material fact, whether the officer had probable cause to arrest Mr. Hickam warrant after these events had ended there on the scene. But I do want to say one further thing that I think probably almost anything that could have been said, considering the supplemental memoranda, has been about the evidentiary issue. I don't know if you agree with, except that the appellee is... Let me ask you a couple questions. Yes. It looks to me as though the 8038 exception to the hearsay rule that keeps police reports out is only for criminal cases, not civil. This was civil. Have I got that right? I believe you do have that right. But it is not – what I was about to say, if I could, Your Honor, and I'll sure answer your question, but this issue of whether the appellant's trying to exalt form over substance, from our standpoint, goes the other way around. A police report may well be a public record as an exception to 803. But the problem is, does that mean that all the hearsay in that police report is therefore admissible evidence in lieu of testimony of live witnesses? It's clear under C, not the conclusions. And, of course, in a civil case, you can take a deposition. Exactly. I can't figure out what the problem is with the policeman making an arrest here. He sees a man running around with a baseball bat, and he doesn't know the whole story. He doesn't know the background. It seems like arrest first, talk later is reasonable. That would have been reasonable, perhaps, Your Honor, but that isn't what happened. Talk first and then arrest is what happened. At the time Mr. Hickam was arrested, Brent Hickam had been disarmed, handcuffed, arrested, and put in a patrol car. My client had given the bat to Mr. Harmon. Mr. Harmon had carried it back to the shop. The one that was in the patrol car is the son, right? Right. With the gun. Right. I'll call them Brent and Ed. It makes it easier. But Brent's in the patrol car. He's handcuffed. He's arrested. Ed has given the bat to Mr. Harmon. Mr. Harmon has carried it back. It's in the office of the muffler shop. Ed Hickam is simply on the scene talking to the police officers, asking them not to hurt his son, and that's when he's arrested. Well, he got arrested because the officer believed that he was interfering in his efforts to control and disarm Brent. He was arrested for interfering, wasn't he? If he was. Whether or not there was probable cause for that arrest. That's right. So whatever the facts were, they would have basically been determined well before the point in time that you were just speaking about. Precisely. But the question then becomes, is this an emergency that gives you an exception after the events are over? Well, to go back to Judge Kleinfeld's question, what's wrong with a police officer taking into custody someone that he has seen with his own eyes chasing somebody else around with a baseball bat, and then as he approaches, he gets information that the person that he's trying to put down on the ground may have a gun, so he's worried about the gun at the same time your client's still holding the baseball bat approaching the officer. If I'd been the officer in that situation, I would have been very apprehensive about what was about to happen. That's why we contend, Your Honor, that there is a genuine issue of fact. I'm sure you would have been. There's no dispute about the fact that your client was still armed with a baseball bat at the same time the officer is trying to take into custody a man that he believes may have a gun. Armed with a baseball bat, he's leaning on the bat. He's no threat to the officer or the person. The officer doesn't know that. All he knows is he's got a guy with a baseball bat that's approaching him, and he's got a guy on the ground that may have a gun. That's a very, very dangerous position for an arresting officer to be in. And the officer under those conditions, I would submit, Your Honor, has absolute right, and we've never contested this, first to give the order to disarm my client. But your client failed to abide. You told him, drop the bat, and he wouldn't put the bat down. For a moment. What does the record show on that? Does the record show that, I mean, did your client admit in the record that he was asked to put the bat down? At least for a moment, he didn't follow the instruction. He put the bat down, but he didn't let go of it. He leaned on it is his description. And then the second time when he was carrying it and started to walk towards the scene, the officer ordered him again to lose it, and he did. My thought was that fellow is not all that compliant. I mean, if I see a policeman with a gun, I am going to demonstrate to that policeman that I am no threat to him. And your fellow didn't demonstrate that. Well, Your Honor, what I'm trying to communicate is our position that after the events are over and he's not armed, there's no reason to arrest him without a warrant. He certainly was no threat at the time he was arrested. Now, the law in Oregon differs from every other state in the country. A police officer has the right to make an arrest for what I believe would be a misdemeanor in this instance, and that is interfering with an officer in the performance of his duties based upon facts that he has personally perceived. He doesn't need to go to a judge and get an arrest warrant. He can take your client into custody even though he perceived those facts to have occurred five minutes before he makes the arrest. And as the briefs and the reply brief in particular point out, Your Honor, the statute under which he was arrested specifically excludes statements by or activities by somebody in the course of an arrest being made, and that's what was happening. And that doesn't undercut probable cause. That may be the defense that ultimately prevails at trial. And as I understand it, the district attorney ultimately decided not to charge your client. But that doesn't undercut the finding or the belief by the officer that there's probable cause to make the arrest. Well, the – You conduct a trial at the crime scene. Except the officer's contention of what the probable cause is is that he had witnessed my client violating that statute while he was conducting an arrest, which couldn't have been a violation of that statute as it existed. Regardless of how the policeman articulated it, it looked to me as though the policeman saw with his own eyes a felony ADW, too. A what? A felony in Alaska we call it ADW. I don't know what you call it here. Assault with a deadly weapon. Saw one man chasing another with a baseball bat. And, indeed, there's evidence from the witnesses that he actually struck Frank. But that is a disputed issue of fact, Your Honor. The fact that there is a witness who says that doesn't mean that the court has to conclude that it happened. But if the officer perceives and believes that he saw the person strike someone, that establishes probable cause, which is a defense. And all he needs for ADW is to see one man brandishing the baseball bat against another. I mean, he's not out there playing ball. He didn't arrest him for assaulting Brent Hickey. You don't require the policeman to be real articulate about why he's arresting him. Well, I don't see. In other words, I guess what you're asserting, Your Honor, is that if the officer arrests somebody for something that isn't a crime, but in hindsight, there might have been a crime that somebody else could come up with, it's still valid. Counsel, the law in the Ninth Circuit is very clear. If a police officer has a reasonable belief that there's probable cause to believe that the person has committed an offense, then he has a complete defense to a claim of false arrest. And that's the end of the case. Except that what you're contending, what was being suggested he had probable cause to believe was the offense, is not the offense for which he claims to have had probable cause. All he has to have is a reasonable cause. Why doesn't he have probable cause to believe that a man who's advancing towards him holding a baseball bat, which is not contested, who refuses on his request to put the bat down, why isn't that enough to give him probable cause to arrest? Just right there. Those things are not contested. Why isn't that sufficient? It would have given him probable cause to arrest if he had contended that he believed that the, that my client was going to assault him or someone else. But he doesn't. If he makes an arrest, the question is does he have probable cause for arrest? Our contention, Your Honor, is that you must give probable cause for the offense that you arrest for. And that he didn't have. Thank you. Thank you, counsel. Your Honor, Bob Wagner for the appellee. I actually don't have anything to add to the briefs unless somebody has some questions. I have no questions. I'm satisfied with the briefs. Thank you. Thank you, Mr. Wagner. Thank you, counsel. Hickam v. City of Gresham is submitted. Selon v. Ashcroft is submitted. Here's Hawkins v. Brown. Thank you.
judges: Kleinfeld, Gould, Tallman